IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARSHAUN BOYKIN (#R-54017), ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 16-CV-50371 |
| ) | |
| DONALD ENLOE, et al., ) | Judge Frederick J. Kapala |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Plaintiff Marshaun Boykin, #R-54017 ("Boykin"), by and through his appointed attorneys, Nixon Peabody LLP, hereby opposes defendants Donald Enloe, John Craft, Daniel Newman, John Varga, Miles Ripsky, Carlos Reyes, Dixon Correctional Center Correctional Officer John Does 1-13, the Illinois Department of Corrections and Dixon Correctional Center (collectively, "defendants") Motion To Dismiss Pursuant To FRCP 12(b)(2), 12(b)(3), 12(b)(6) and *George v. Smith* ("Motion To Dismiss"), and states as follows:

## I.  INTRODUCTION

On June 1, 2017, Boykin, formerly an inmate at Dixon Correctional Center ("Dixon"), filed his First Amended Complaint ("Complaint") pursuant to 42 U.S.C. §1983 to obtain relief for defendants' violations of his constitutional rights, including defendants' unjustified use of force against him and deliberate indifference to his medical and mental health needs.

Specifically, on or about May 11, 2016, defendants brutally attacked Boykin twice after he simply asked to speak to a crisis team about his suicidal thoughts, denied him needed medical care for his injuries and initiated false disciplinary proceedings against him. Thereafter, on or

about September 21, 2016, defendants again attacked Boykin when he refused to submit to a strip search, conducted a brutal body cavity search and then denied him access to medical care for his injuries.

Defendants now seek dismissal of several of Boykin's claims against them. For the reasons stated below, defendants' Motion To Dismiss should be denied.

## II. ARGUMENT

### A. Legal Standard

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). All well-pleaded facts are taken as true, all reasonable inferences are drawn in favor of the plaintiff, and all ambiguities are resolved in favor of the plaintiff. *See American Soc. of Consultant Pharmacists v. Patla*, 138 F.Supp.2d 1062, 1068 (N.D. Ill. 2001).

### B. Plaintiff's Consolidated Claims Are Properly Before The Court

Defendants first argue that this Court should dismiss Boykin's Complaint on the grounds that it consists of separate and distinct claims. Specifically, defendants imply that because Boykin's Complaint includes allegations regarding both the May 11, 2016 attack on Boykin and the September 21, 2016 attack on Boykin, they should somehow constitute "distinct" claims and be brought as separate lawsuits.

This argument fails on its face. In fact, Boykin *did* initially file two separate lawsuits, with the instant case initially consisting solely of the May 11, 2016 attack, and a subsequent case, captioned *Boykin v. Varga, et al.*, Case No. 17-cv-50039, pertaining only to the September 21, 2016 attack. However, this Court recognized that these two attacks – both of which occurred at Dixon and involved similar defendants – were "similar and/or related to [one another]" and

2

that all claims should be asserted in the instant case, pursuant to this Court's March 20, 2017 Consolidation Order. [*See* ECF No. 14, March 20, 2017 Order; *See also* Case No. 17-cv-50039 at ECF No. 5, March 15, 2017 Order]. This Court even extended the deadline for Boykin to file an amended complaint to include allegations pertaining to the September 21, 2016 attack in this matter.

Without acknowledging this Court's March 20, 2017 Consolidation Order, defendants argue that *George v. Smith*, 507 F.3d 605 (2017) requires a different result. This too fails. In *George v. Smith*, the Seventh Circuit concluded that a plaintiff alleging fifty unrelated claims and impacting twenty-four distinct defendants should be brought as a separate suit. *See id.* at 607. But that is not the case here. Here, unlike in *George v. Smith*, we have one plaintiff who suffered two similar, brutal physical attacks at the same place, under the supervision of the same individuals, and pursuant to the same policies and practices. Accordingly, defendants' Motion To Dismiss on these grounds should be denied.

### C. Plaintiff's Claims As to Defendants Enloe, Varga and Newman Are Properly Before This Court

Defendants Donald Enloe ("Warden Enloe"), John Varga ("Warden Varga") and Daniel Newman ("Lt. Newman") next argue that they should be dismissed because of the alleged lack of personal involvement by these individuals.

This too fails. Specifically, in his Complaint, Boykin alleges that Warden Enloe served as Warden at Dixon during the time of the May 11, 2016 beating, Warden Varga served as Warden at Dixon during the time of the September 21, 2016 beating, and that Lt. Newman was a Correctional Lieutenant during both incidents. [*See, e.g.*, ECF No. 21 at ¶¶ 6, 8 and 9]. During the time, Boykin alleges that each of these three defendants had management and administrative responsibilities. [*Id.*]. Boykin further alleges that Dixon, via its administrators, established a

3

4839-3033-8393.1

policy and practice of using excessive force during encounters with inmates, and that Boykin was assaulted by the defendant inmates as a direct result of this policy and practice. [*See, e.g., id.* at ¶¶ 44-49]. Further, Boykin specifically alleges that Dixon, again via its administrators, purposefully deleted videotaped evidence of these beatings. [*Id.*].

Because Boykin has included allegations specific to each of these three defendants, defendants' Motion To Dismiss on these grounds should be denied.

### D. The Eleventh Amendment Does Not Bar Plaintiff's Claims Against The Illinois Department Of Corrections And Dixon Correctional Center, Nor Does It Bar Plaintiff's Official Capacity Claims

Lastly, defendants argue that Boykin's claims against the Illinois Department of Corrections ("IDOC"), Dixon and all individual defendants in their official capacities should be dismissed as barred by the Eleventh Amendment.

While it is true that the Eleventh Amendment bars suit in federal court against state agencies and state officials in their official capacities, there are exceptions to the rule. *See American Soc. of Consultant Pharmacists v. Patla*, 138 F.Supp.2d 1062, 1068 (N.D. Ill. 2001). One particularly relevant exception occurs when a plaintiff files suit against a state or state official in his official capacity claiming a violation of federal or constitutional law and seeking injunctive relief that does not include monetary damages. *Id.* (citing *Papasan v. Allian*, 478 U.S. 265, 276–78 (1986)).

Here, Boykin's request for relief include any relief that this Court deems proper, which could include injunctive relief.[1] [ECF No. 21 at pp. 11-12]. Accordingly, Boykin's Complaint falls within the exception to the Eleventh Amendment bar, and defendants' Motion to Dismiss on this basis should be denied.

---

[1] While Boykin's request for relief also includes a request for monetary damages, to the extent barred by the Eleventh Amendment, Boykin would only seek the same against individual defendants in their individual capacities.

### III. CONCLUSION

WHEREFORE, Boykin respectfully request that this Court find in his favor and deny Defendants' Motion To Dismiss Pursuant To FRCP 12(b)(2), 12(b)(3), 12(b)(6) and *George v. Smith.*

.

                                          Respectfully submitted,

                                          /s/ Frank J. Saibert
                                          *Attorney for plaintiff Marshaun Boykin*

Charles R. Bernardini
Frank J. Saibert
Brittany A. Bogaerts
NIXON PEABODY LLP
70 West Madison, Suite 3500
Chicago, Illinois 60602-4283
Telephone: (312) 977-4400
Facsimile: (312) 977-4405

Dated: January 12, 2018

## **CERTIFICATE OF SERVICE**

Brittany A. Bogaerts, an attorney of record, hereby certifies that on January 12, 2018, she caused the foregoing **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** to be served upon all attorneys of record via ECF-filing.

/s/ Brittany A. Bogaerts
*Attorney for plaintiff Marshaun Boykin*

4839-3033-8393.1